■ IRVING BRADY, Respondent, v. JAMES GARDNER, Appellant.— Judgment for plaintiff-respondent after jury verdict for plaintiff in the amount of $110,000 in action to recover for personal injuries based on negligence, unanimously reversed, on the law and the facts, with costs to defendant-appellant, the jury verdict vacated, and a new trial ordered. The jury verdict is against

the weight of the credible evidence. In addition to establishing his own absence from contributory negligence, plaintiff must prove there was a dangerous condition of the automobile, that he did not know of it, and that defendant, realizing the danger, failed to warn plaintiff (*Higgins* v. *Mason,* 255 N. Y. 104; cf. *Schlaks* v. *Schlaks,* 17 A D 2d 153, 155). It is apparent from the record that the pulling of the vehicle to the left on application of the brakes was not a dangerous condition. The only other evidence of pulling or jerking to the left, without application of the brakes, is in the conclusory and vague testimony of Shedrick Jones. Its significant factual content is embodied in the following words and in unrecorded gestures: "The steering wheel would go like that (indicating)" and "It would jerk like that (indicating)". Such testimony carries insufficient weight in view of the other testimony in the record. If the defect was as serious as the testimony of Jones apparently attempted to indicate, plaintiff, defendant and Simmons should have noticed it because they also rode in the automobile. And, of course, if plaintiff knew, he could not recover. Defendant and Simmons, who had driven the automobile, testified only to the pulling to the left when the brakes were applied. Moreover, the experts testified in substance that a sudden jerking to the left without application of the brakes would arise only from a serious mechanical defect which would render the automobile practically inoperable. The defect would be manifest constantly. They explained that it would not disappear and suddenly reoccur. Defendant, owner of the automobile for only three or four days, denied knowledge of any dangerous condition. His testimony is corroborated by his willingness not only to ride in the automobile but to sleep on the back seat while doing so. Concur — Breitel, J. P., Stevens, Eager, Steuer and Witmer, JJ.